UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLENA LYSYUK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I.C. SYSTEM, INC., a<br>Minnesota corporation,<br><br>　　　　Defendant. | No.  2:17-cv-00283-JAM-CKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS** |

This matter is before the Court on Plaintiff Olena Lysyuk's Amended Motion to Dismiss with Prejudice.  Am. Mot., ECF No. 13. Defendant L.C. System, Inc. filed an opposition to Plaintiff's motion to dismiss, requesting payment of its costs and attorney's fees.  Opp'n, ECF No. 14.  After consideration of the parties' briefing on the motion and relevant legal authority, the Court will grant in part and deny in part Plaintiff's Amended Motion to Dismiss with Prejudice and allow Defendant to collect costs under Federal Rule of Civil Procedure 54(d)(1).[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 3, 2017.

1

I.   BACKGROUND

On February 10, 2017, Plaintiff, represented by Kimmel & Silverman, P.C., filed suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and Rosenthal Act, Cal. Civ. Code § 1788.17.  Compl., ECF No. 1.  Specifically, Plaintiff's Complaint alleged that Defendant "placed repeated and harassing debt collection calls to Plaintiff's cellular telephone" from phone numbers including (202)870-5891.  Id. at ¶¶ 14-15.  Plaintiff further alleged that Defendant continued to call after she requested not to be contacted on her cellular telephone.  Id. at ¶¶ 16-17.  Plaintiff's counsel based these allegations on Plaintiff's "clear memory" that she told Defendant to stop calling and screenshots of calls from the (202)870-5891 number continuing into 2016.  See Ginsburg Cert., ECF No. 15-1, ¶¶ 4, 7; Reply, Ex. B, ECF No. 15-2.

In April 2017, Defendant sought to have Plaintiff dismiss the case, stating "the last attempt from the IC number identified in your complaint occurred July 7, 2015."  Dove Decl., ECF No. 14-2.  Defendant did not provide Plaintiff's counsel with call logs or recordings to verify its statement.  Ginsburg Cert., ¶¶ 7-8.  Shortly thereafter Defendant filed an Answer, denying Plaintiff's allegations.  Answer, ECF No. 5.

The following month, Plaintiff served a document subpoena to Straight Talk Wireless for her telephone records.  Subpoena, ECF No. 14-1.  After reviewing the documents from Straight Talk, Plaintiff's counsel determined that they did not provide the evidence necessary to continue the suit.  Ginsburg Cert., ¶ 12.  Plaintiff's counsel reached out to Plaintiff, obtained consent to

2

dismiss, and filed the current motion.  Id. at ¶¶ 14-15.

Plaintiff's motion to voluntarily dismiss her Complaint with prejudice asks "each side to bear its own costs."  Mot. at 1. Although Defendant opposes Plaintiff's motion, the substance of Defendant's brief makes clear that it does not oppose dismissal with prejudice.  See Opp'n.  Rather, Defendant argues Plaintiff should have to pay Defendant's attorney's fees and costs.  Id. at 4.  Defendant seeks to recover costs and attorney's fees under 15 U.S.C. § 1692k(a)(3), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1927.  Id. at 4-9.

## II. OPINION

### A. Legal Standard

Federal Rule of Civil Procedure 41(a) governs the voluntary dismissal of an action in federal court.  Rule 41(a) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal.  Fed. R. Civ. P. 41(a)(1-2). Whether to grant a Rule 41(a)(2) motion lies within the district court's discretion.  Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).

A Rule 41(a)(2) motion should be granted unless a defendant can show it will suffer "some plain legal prejudice" as a result of dismissal.  Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001).  "Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under [Rule]

41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." <u>Stevedoring Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir. 1989).

Although the Ninth Circuit has yet to resolve the issue, district courts have concluded that fees and costs should not ordinarily be imposed on a plaintiff[2] as a condition of a Rule 41(a) motion. <u>Internmatch, Inc. v. Nxtbigthing, LLC</u>, No. 14-CV-05438-JST, 2016 WL 540812, at *2 (N.D. Cal. Feb. 11, 2016); <u>Burnette v. Godshall</u>, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993). In other circuits, attorney's fees may be imposed as a consequence of voluntary dismissal only under "exceptional circumstances" or pursuant to Federal Rule of Civil Procedure 11. See <u>Cauley v. Wilson</u>, 754 F.2d 769, 772 (7th Cir. 1985) ("Fees are not awarded when a plaintiff obtains a dismissal <u>with prejudice</u> because the 'defendant cannot be made to defend again.'" (quoting <u>Smoot v. Fox</u>, 353 F.2d 830, 833 (6th Cir. 1965))); <u>AeroTech, Inc. v. Estes</u>, 110 F.3d 1523, 1528 (10th Cir. 1997) ("[A] defendant may not recover attorneys' fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances.").

B. <u>Analysis</u>

In this case, Plaintiff moves to dismiss her claims against Defendant with prejudice, asking each party to bear its own fees and costs. See Mot. Defendant opposes having to bear its own

---

[2] In the Ninth Circuit, Rule 41(a)(2) does not provide an independent base of authority for sanctioning lawyers. <u>Heckethorn v. Sunan Corp.</u>, 992 F.2d 240, 242 (9th Cir. 1993).

4

fees and costs. See Opp'n.  After consideration of this matter, the Court will grant Plaintiff's motion to the extent that her claims are dismissed with prejudice under Rule 41(a)(2).

Because Rule 41(a) does not automatically impose fees and costs upon dismissal, Defendant argues that it is entitled to an award of fees and costs under three other means: 15 U.S.C. § 1692k, Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1927.

### 1. FDCPA Fee Provision

Defendant first asserts it is entitled to fees and costs under the FDCPA. Opp'n at 4-6. A debt collector may recover attorney fees upon a finding that the plaintiff brought a FDCPA claim in bad faith and for purposes of harassment. See 15 U.S.C. § 1692k(a)(3). Section 1692k(a)(3) authorizes an award of fees against an unsuccessful plaintiff, but not her counsel. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1140-42 (9th Cir. 2009) ("We hold that 15 U.S.C. § 1692k(a)(3) does not authorize the award of attorney's fees and costs against a plaintiff's attorneys."). To show bad faith or harassment, the defendant must provide evidence that "the plaintiff both knew that his or her claim was meritless and pursued it with the purpose of harassing the defendant." Millard v. Northland Grp., Inc., No. 2:13-CV-00819-JAD, 2014 WL 6455986, at *1 (D. Nev. Nov. 17, 2014) (alterations omitted). The defendant must show the plaintiff's bad faith "with more than conclusory assertions." Chavez v. Northland Grp., No. CV-09-2521-PHX-LOA, 2011 WL 317482, at *5 (D. Ariz. Feb. 1, 2011).

///

In support of its bad faith allegation, Defendant contends that Plaintiff's counsel did not seek pre-litigation discovery, maintained claims after Defendant provided evidence to counter them, and has filed similar suits against Defendant with other plaintiffs. Opp'n at 5-6.

The Court does not find these assertions sufficient to establish that Plaintiff brought this action in bad faith or to harass Defendant. The Court first notes that Defendant did not cite any case law discussing the application of § 1692k(a)(3). See Chavez, 2011 WL 317482, at *5 (denying a defendant's motion for attorney fees under § 1692k(a)(3) where the defendant failed to cite any case law discussing the application of § 1692k(a)(3)); Millard, 2014 WL 6455986, at *1 (same). Second, Defendant does not allege any bad faith or harassment on behalf of Plaintiff herself. Instead, all of Defendant's allegations in this section rely on Plaintiff's counsel's conduct.

Accordingly, Defendant has not shown that Plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing Defendant. See Millard, 2014 WL 6455986, at *1. The Court therefore denies Defendant's request for attorney fees and costs under § 1692k(a)(3).

2. Costs Under Rule 54(d)(1)

Next, Defendant relies on the Supreme Court's opinion in Marx v. General Revenue Corporation, 133 S. Ct. 1166 (2013), to argue that it is entitled to fees and costs under Federal Rule of Civil Procedure 54(d). Opp'n at 6-8. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be

allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[3]  In Marx, the Supreme Court held that "a district court may award costs to prevailing defendants in FDCPA cases without finding that the plaintiff brought the case in bad faith and for the purpose of harassment."  568 U.S. at 374.  Marx maintained that courts are not required to award costs to prevailing defendants and "may appropriately consider an FDCPA plaintiff's indigency in deciding whether to award costs."  Id. at 387 n.9.

In determining whether to award costs under Rule 54(d)(1), the Court must first determine whether Defendant is a "prevailing party."  In the Ninth Circuit, a voluntary dismissal with prejudice is sufficient to confer prevailing party status on a defendant, enabling the defendant to recover costs under Rule 54(d)(1).  Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997), abrogated on other grounds by Ass'n of Mexican-Am. Educ. v. Cal., 231 F.3d 572 (9th Cir. 2000); see also Nutrivita Labs., Inc. v. VBS Distribution Inc., 160 F. Supp. 3d 1184, 1190 (C.D. Cal. 2016), aff'd, No. 16-55329, 2017 WL 4217454 (9th Cir. Sept. 22, 2017) (analyzing Ninth Circuit precedent to conclude that voluntary dismissal with prejudice confers prevailing party status).  Here, where Plaintiff has filed a motion to dismiss her case with prejudice, Defendant

---

[3] Rule 54(d)(1) provides for costs other than attorney's fees, which must be requested by a separate motion under Rule 54(d)(2). Compare Fed. R. Civ. P. 54(d)(1) with Fed. R. Civ. P. 54(d)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." (emphasis added)).  Defendant did not file a motion for attorney's fees, so it is not eligible to receive fees under Rule 54(d)(2).

7

qualifies as the prevailing party. As the prevailing party, Defendant presumptively should be allowed to collect its costs pursuant to Rule 54(d)(1).

Based on this presumption, the losing party—here, Plaintiff—must show why costs should not be awarded. Save Our Valley v. Sound Transit, 335 F.3d 932, 944–45 (9th Cir. 2003). The district court need only give affirmative reasons when denying costs; no explanation is needed when awarding costs. Id. at 945. Plaintiff's arguments against costs are that (1) Defendant has not incurred any recoverable costs and (2) Defendant is not a prevailing party. Reply, ECF No. 15, p. 7. As analyzed above, Plaintiff's argument as to the latter is incorrect in this circuit. As to the former, Defendant has not yet filed a bill of costs, so the Court is unable to determine what eligible costs Defendant incurred.

The Court finds that these reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. See, e.g., Rodriguez v. IC Sys., No. EP-16-CV-00186-DCG, 2017 WL 2105679, at *4 (W.D. Tex. May 12, 2017) (awarding the defendant Rule 54(d)(1) costs after the plaintiff voluntarily dismissed FDCPA claims with prejudice). Defendant may file a proposed bill of costs, defined by 28 U.S.C. § 1920, in conformance with Local Rule 292.

3. Attorney's Fees and Costs Under 28 U.S.C. § 1927

Defendant's final argument seeks attorney's fees and costs from Plaintiff's counsel under 28 U.S.C. § 1927. Opp'n at 8. Section 1927 provides that any counsel who "multiplies the proceedings in any case unreasonably and vexatiously" may be

required to pay "costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The imposition of sanctions under § 1927 requires a finding of bad faith." Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Bad faith conduct sanctionable under § 1927 may be knowing or reckless. Id. The Ninth Circuit has clarified, though, that § 1927 applies only to the unnecessary multiplication of filings and tactics once a lawsuit has begun. In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996). Sanctionable conduct under § 1927 does not include the original complaint's filing. Id.

Here, Defendant argues that Plaintiff's counsel's conduct was unreasonable and vexatious because: (1) counsel did not secure a document subpoena during the pre-suit investigation; and (2) counsel did not amend or dismiss in April 2017 when Defendant stated there were not records of calls after July 2015. Opp'n at 8. These arguments focus predominately on the merits of Plaintiff's Complaint, as well as factual disputes where evidence counters the allegation of bad faith. See Reply, Ex. A, ECF No. 15-1; Reply Ex. B, ECF No. 15-2. This conduct is not sanctionable under § 1927. 28 U.S.C. § 1927; In re Keegan Mgmt., 78 F.3d at 436.

This case is still at an early stage. Neither party took any depositions and Defendant has not filed any dispositive motions. Indeed, Defendant's involvement in the case appears limited to (1) filing an answer; (2) working on the joint scheduling report; and (3) opposing Plaintiff's motion to dismiss. See Answer, ECF No. 5; Joint Sched. Order, ECF No. 7;

Opp'n. In the few months between when Plaintiff filed her Complaint and sought to dismiss it, proceedings were not unreasonably and vexatiously multiplied.

Defendant has not provided any citations to cases where conduct like Plaintiff's counsel's has been sufficient to constitute bad faith or harassment. Instead, Defendant relies on claims that Plaintiff's counsel has harassed Defendant through conduct in cases involving other consumers. Opp'n at 6. Courts have found similar allegations of misconduct insufficient to warrant fees or costs under § 1927. <u>See, e.g.</u>, <u>Chavez</u>, 2011 WL 317482, at *7-8 (denying a request for § 1927 sanctions); <u>Anderson v. Asset Acceptance, LLC</u>, No. C 09-2970 MEJ, 2010 WL 1752609, at *5 (N.D. Cal. Apr. 29, 2010) (same).

The Court finds that Plaintiff's counsel's conduct in these proceedings, while of concern to the Court, is not sanctionable under § 1927, and denies Defendant's request for fees and costs under this section.

### III. ORDER

For the reasons set forth above, IT IS ORDERED THAT Plaintiff's Amended Motion To Voluntarily Dismiss Her Complaint Pursuant to F.R.C.P. 41(a)(2), ECF No. 13, is GRANTED IN PART and DENIED IN PART. The Motion is DENIED as to Plaintiff's request that each side bear its costs and GRANTED as to all other provisions.

///

///

///

IT IS THEREFORE ORDERED that this case is DISMISSED WITH PREJUDICE to Plaintiff's right to refile same or any part thereof; that each party SHALL BEAR its own fees; and that any eligible costs SHALL BE TAXED against Plaintiff.

    IT IS SO ORDERED.

Dated: October 5, 2017

*[Signature]*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE